## Weeks v. The Travelers Companies

*Lewis H. Markowitz,* for plaintiff.

*James A. Stapleton,* for defendants Travelers Companies and Karl A. Kemble.

CASSIMATIS, *J.,* July 16, 1990 — This matter is before the court pursuant to plaintiff Arthur D. Weeks' motion to dismiss the objections of defendant, The Travelers Companies, to plaintiff's request for production of documents. For the reasons set forth below, the motion to dismiss the objections is granted.

Plaintiff, a lawyer, represented defendants Timothy Myers and Cathy Myers on a contingency fee basis in their action against defendant Travelers. Plaintiff claims that Travelers wrongfully induced the Myerses to discharge him. Shortly thereafter, Travelers settled with the Myerses, allegedly for a fraction of the claim's worth. Plaintiff avers that the Myerses never remitted any portion of the settlement to him.

Plaintiff has filed a writ of summons as well as a request for production of documents which sought the claims and investigation file prepared by Trav

elers during its investigation of the Myerses' claim. Travelers provided the requested documents with the exception of six documents relating to strategy, evaluation and negotiation of the claim. Travelers objected to the request for these documents on the grounds that they are not properly discoverable material. Plaintiff then filed the instant motion to dismiss Travelers' objections.

In support of its position, defendant relies on Pennsylvania Rule of Civil Procedure 4003.3 which in relevant part provides:

"With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

Defendant argues that because the six documents contain the mental impressions and conclusions of its employees regarding the value, merit, negotiation or evaluation of the Myerses' claim, plaintiff is not entitled to discovery of these documents.

Plaintiff counters by asserting that the documents are relevant as evidence of the allegedly improper actions taken by defendant Travelers. Plaintiff maintains that these documents will provide information on defendant Travelers' alleged interference with the attorney-client relationship between himself and the Myerses. Plaintiff also contends that the documents will have a bearing on damages, reflecting the true value of the case and, hence, the potential contingency fee.

In resolving this matter, the court is guided by the sound reasoning of Judge Wettick in *Little v. Allstate Insurance Co.,* 16 D.&C. 3d 110 (1980). Here, defendant refused to pay no-fault benefits. Plaintiff sued and also sought attorney's fees due to defendant's unreasonable failure to pay benefits. Plaintiff

then requested documents relating to defendant's investigation of the claim. Defendant provided the documents but deleted all references to its investigator's opinions and evaluation of the claim. The court granted plaintiff's motion to compel, concluding that the protections afforded under rule 4003.3 only extend to the litigation for which the documents containing opinions and evaluations of defendant's employees were made. The court held that 4003.3's protection does not extend to subsequent litigation, in anticipation of which the documents were *not* prepared. See also, *Harvey v. Whatley,* 2 Phila. Rep. 443 (1979).

In the instant case, the documents in question were prepared by defendant's employees for purposes of possible litigation against it by the Myerses. In this context, the documents would have been privileged. The documents, however, were not prepared in anticipation of the instant action by plaintiff. Since 4003.3's protections do not apply to subsequent litigation, the documents sought by plaintiff are not protected as they were not prepared in anticipation of this lawsuit. As a result, defendant's objections will be dismissed and defendant will be ordered to produce the documents in question.

Accordingly, we enter the following

## ORDER

And now, July 16, 1990, plaintiff Arthur D. Weeks' motion to dismiss the objections of defendant, The Travelers Companies, to plaintiff's request for production of documents, is granted. Accordingly, defendant's objections are dismissed.

Defendant is directed to produce the documents sought by plaintiff's request for production of documents within 30 days from the date of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as provided by law.